CAROLINE C. PRATT, appellant and respondent,

*v.*

DAVID A. BOODY et al., respondents and appellants.

[Filed February 28th, 1898.]

Where a court of equity upon bill and cross-bill has ordered an accounting for the purpose of ascertaining the sum due from the complainant to the defendants, a pending suit at law by the latter for the same debt under the Heirs and Devisees act, should be restrained until the coming in of the account.

On appeal from a decree advised by Vice-Chancellor Emery, whose opinion is reported in *Pratt* v. *Boody, 10 Dick. Ch. Rep. 175.*

*Messrs. Vail & Ward,* for Caroline C. Pratt.

*Mr. Willard P. Voorhees,* for David A. Boody et al.

The opinion of the court was delivered by

GARRISON, J.

The parties to this suit are Caroline C. Pratt, who is the widow of Charles E. Pratt, and the sole devisee and beneficiary under his will, and Boody, McLellan & Company, a firm of stock brokers in the city of New York, with whom, in his lifetime, Mr. Pratt had had extensive dealings, out of which this litigation arose. The original bill was filed by Mrs. Pratt, charging as its main allegation that the dealings between her husband and the defendants were gambling transactions. The vice-chancellor to whom the cause was referred found as a matter of fact that the transactions were sales and purchases made for Pratt by the defendants and not wagers between them. The conclusion thus reached is concurred in by this court with the further comment that, were the fact otherwise, there is no proof in the case that the common-law rule does not still obtain in the State of New York. Having eliminated from the controversy the questions arising from this source, the court of chancery decreed an accounting between the parties, from which decree each party has appealed. The case is this: Boody, McLellan & Company, claiming that Pratt, deceased, was indebted to them in a large sum, brought an action therefor in New Jersey under the Heirs and Devisees act. Mrs. Pratt, who, as sole devisee of her husband, was a defendant in this action, having a claim of her own against Boody, McLellan & Company for a smaller sum, filed it as a set-off. She also brought in her own name an action against Boody, McLellan & Company, in the State of New York to recover this same sum. These two actions, pending this bill

in chancery, were filed by Mrs. Pratt, based in great part upon the theory of the illegality of the transactions with respect to which it sought relief, but alleging other facts that showed the necessity of an accounting in equity. A cross-bill exhibited by the defendants alleged other facts tending to a similar end; so that the parties were before the court each asking for an account and decree that should upon equitable terms include and settle all of their said differences.

This the decree made in the cause fails to accomplish in one particular, viz., that it leaves the defendants free to proceed to judgment in their action under the Heirs and Devisees act. This question was alluded to by the learned vice-chancellor in his conclusions as one upon which counsel should be heard, but the decree now before us, by discharging the injunction against the defendants, places the matter beyond the present control of the inferior court.

The anomalous situation is that the parties are compelled to ascertain in equity the sum which, as between them, shall constitute the debt for which recovery by the defendants may be had, while the defendants are free in their suit at law to establish their debt unaffected by the account taken in equity or by the terms or considerations upon which it was based. That the sum for which the lands devised are liable is not the same sum due by the sole devisee to the defendants is not thinkable in the terms of equity. Nothing in the action at law can vary the sum so found to be due as between these parties. The function of this special action at law is to fix a charge upon the lands devised; and in their pleadings in equity both parties admit that the complainant is the sole devisee of her husband. By their cross-bill, Boody, McLellan & Company brought into the suit in equity their pending action at law so far as the amount recoverable was concerned, and by sufficient statement submitted in equity to the offset Mrs. Pratt had filed therein. Every element, therefore, necessary to the complete ascertainment of the ultimate amount recoverable by the defendants was before the court of chancery, together with all the considerations deemed by the parties to be essential to the equitable adjustment of the matter.

The decree in equity based upon this account must be a finality binding upon the parties in whatever form or forum the sum thereby ascertained is sought to be secured or recovered. The injunction against the defendants from the further prosecution of their suit at law in the supreme court should be retained until a decree has been made in chancery upon the coming in of the account.

The record is remitted to the court of chancery in order that such account may be taken, and the cause proceeded with in accordance with these views.

*For reversal*—THE CHIEF-JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON—13.

*For affirmance*—None.